Luck v Rockledge Scaffold Corp. (2018 NY Slip Op 02273)





Luck v Rockledge Scaffold Corp.


2018 NY Slip Op 02273


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Sweeny, J.P., Renwick, Manzanet-Daniels, Kahn, Kern, JJ.


6160 303132/09 84132/12 83755/15

[*1]Francine Luck, Plaintiff-Respondent,
v
Rockledge Scaffold Corp., Defendant-Appellant, Chedward Realty Corp., Defendant.
Rockledge Scaffold Corp., Third-Party Plaintiff-Respondent-Appellant,
v
Statecourt Enterprises, Inc., Third-Party Defendant, GVA Williams Real Estate Co., et al., Third-Party Defendants-Appellants-Respondents. [And a Second Third-Party Action]


Cozen O'Connor, New York (Amanda L. Nelson of counsel), for appellant/respondent-appellant.
Varvaro, Cotter & Bender, White Plains (Rose M. Cotter of counsel), for appellants-respondents.
Kelner & Kelner, New York (Joshua D. Kelner of counsel), for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered October 7, 2016, which, to the extent appealed from, denied defendant Rockledge Scaffold Corp.'s motion for summary judgment dismissing the complaint and all cross claims against it, and denied defendants GVA Williams Real Estate Co. and Williams Real Estate Co., Inc.'s (the Williams defendants) motion to dismiss the third-party complaint and cross claims against them, unanimously affirmed, without costs.
Plaintiff raised an issue of fact whether defendant Rockledge launched an instrument of harm by placing a wooden plank on the ground to support the sidewalk bridge without installing a crossbar over the plank to prevent people from walking over it (see Espinal v Melville Snow Contrs. , 98 NY2d 136, 140 [2002]; Heard v City of New York , 82 NY2d 66, 72 [1993]). Rockledge's foreman testified that he specifically recalled installing the crossbar and inspecting the job after it was completed. However, he also gave contradictory testimony about whether he was present at the site on the final day of the job. He said in his affidavit that he had inspected the bridge on completion, but he had testified at deposition that he did not know if he had inspected it. Issues of credibility also exist as to the foreman's ability to remember this particular job after so many months and so many similar installations. A photograph of the sidewalk where plaintiff fell taken two weeks after the accident shows the plank on the ground with no crossbar over it; all parties denied removing it or having knowledge of its removal.
The Williams defendants failed to establish prima facie that they had no role in the creation of the dangerous condition and no obligation to inspect, maintain, or repair the sidewalk [*2]bridge, or that in any event they had no notice of the condition. As the motion court found, their management agreement with the building owner authorized them to make necessary repairs to the premises, and the employee who signed the contract with Rockledge visited the premises a few times a month. Moreover, their contract with Rockledge obligated them to inspect the bridge when it was completed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK